**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Patricia A. Shelley, | ) C/A No. 6:08-2869-CMC-WMC |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| Michael J. Astrue, | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

Through this action, Plaintiff seeks judicial review of the decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

**DISCUSSION**

The Report recommends that the court reverse the Commissioner's decision and remand the claim for further proceedings. Dkt. No. 15 at 23. Defendant objects to this recommendation and

2

asks the court to affirm the Commissioner's denial of benefits. Dkt. No. 17 at 4.

Plaintiff presented with various illnesses between December 2002 and August 2005, including fibromyalgia, bronchitis, gastrointestinal reflux disease (GERD), body pain, syncope spells, memory problems, sleep disturbances, nausea, headaches, gastritis, duodenitis, a hiatal hernia, depression, and anxiety. *See* Dkt. No. 15 at 5-9 (giving a more detailed summary of the medical evidence). The ALJ found that Plaintiff was not disabled as defined in the Social Security Act, as amended, and the Appeals Council affirmed his decision. *See id.* at 2.

Plaintiff brought an action seeking to reverse the Commissioner's decision, arguing that the ALJ's analysis contained several errors. *See* Dkt. No. 10. The Report recommends reversal and remand for two reasons: (1) the ALJ did not properly consider Plaintiff's alleged sleep disorder, and (2) the ALJ did not properly consider the medical opinions of Plaintiff's treating physician, Dr. Eston E. Williams.

The Commissioner objects as to both reasons. In response to the sleep disorder issue, the Commissioner argues that any failure to consider Plaintiff's sleep disorder was harmless because the ALJ would not have found any work-related functional impairments even if he had considered Plaintiff's reports of sleep disturbance. Dkt. No. 17 at 1-2. In response to the treating physician issue, the Commissioner argues, *inter alia*, that despite the ALJ's failure to specifically mention any of the factors in 20 C.F.R. § 404.1527(d), the decision was nonetheless supported by substantial evidence because the treating physician's opinions were inconsistent with other evidence in the record. *Id.* at 3. The court considers each alleged error in order.

**Sleep Disorder.** The Report recommends reversal and remand for the Commissioner to properly consider evidence of Plaintiff's alleged sleep disorder. Dkt. No. 15 at 15-16. The

3

Commissioner concedes that, despite evidence that Plaintiff reported sleep disturbances to her treating physicians on multiple occasions, the ALJ determined that "the clinical record does not document this problem." Tr. 23; Dkt. No. 12 at 17. The Commissioner argues, however, that the ALJ's error, if any, was harmless because (1) the ALJ considered the alleged sleep disorder, (2) the clinical record does not show that Plaintiff was diagnosed with a sleep disorder; and (3) the medical evidence does not show that Plaintiff had work-related functional limitations that would prevent her from doing unskilled and light work. Dkt. No.12 at 17; Dkt. No. 17 at 2.

The Commissioner correctly points out that courts need not reverse agency action because of a harmless error. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004). However, when the evidence at issue is potentially dispositive, omitting it from consideration is not harmless. *See Richardson*, 94 F.3d at 165, 168 (4th Cir. 1996).

The ALJ's only substantive analysis as to Plaintiff's alleged sleep disorder is as follows: "Although the claimant alleged disability due to a sleep disorder, the clinical record does not document this problem. Therefore, I find that this allegation of a sleep disorder is not medically determinable." Tr. 23. The Commissioner suggests that this analysis constitutes adequate consideration of Plaintiff's alleged sleep disorder. *See* Dkt. No. 12 at 17. The court disagrees. As noted in the Report, contrary to the ALJ's statement regarding the medical evidence of a sleep disorder, the record indicates Plaintiff complained of insomnia on numerous occasions over a significant period of time. Dkt. No. 15 at 15-16. Plaintiff was prescribed medication to address her insomnia on two occasions. *Id*. Thus, the Commissioner's first and second arguments as to harmless error are not persuasive.

The Commissioner's third argument, that the record does not support a finding that Plaintiff's

alleged sleep disorder imposed work-related functional limitations, is likewise unavailing. The Commissioner contends that the evidence forecloses any possibility that the ALJ would have determined that Plaintiff had work-related functional limitations due to her alleged sleep disorder. Dkt. No. 17 at 2 (noting that Dr. Geletka determined that medication was "working effectively for [Plaintiff's] sleep."). However, the court cannot be certain that the ALJ would, necessarily, reach the same result upon further review of the evidence.[1] *See* Dkt. No. 10 at 6-7 (discussing ways in which evidence of sleep disturbance might have affected the ALJ's analysis). For this reason, the Commissioner's argument is not persuasive.

For the foregoing reasons, the ALJ's conclusion regarding Plaintiff's alleged sleep disorder is not supported by substantial evidence. Accordingly, the court concurs with the recommendation as well as the reasoning set forth in the Report.

**Treating Physician Testimony**. The Report also recommends reversal and remand for the Commissioner to properly consider the medical opinions of Dr. Williams, Plaintiff's primary care physician, and also to consider additional medical evidence submitted to the Appeals Council. Dkt. No. 15 at 21-23. The Commissioner objects to this recommendation for three reasons: (1) despite the ALJ's failure to "expressly tie his findings to the regulatory language," his decision was

---

[1] The Commissioner asserts that, because Dr. Geletka concluded that Plaintiff's alleged sleep disorder was "reasonably controlled by medication or treatment," the ALJ would necessarily find that the alleged sleep disorder does not impose any work-related functional limitation upon Plaintiff. Dkt. No. 17 at 2 (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). However, the record may not inevitably lead to Commissioner's conclusion. For example, Plaintiff complained of sleep disturbances on several occasions *after* Dr. Geletka's March 2005 assessment. *See* Dkt. No. 15 at 16 (noting that Plaintiff complained of insomnia on at least five occasions after March 2005 and received a prescription for a different insomnia medication in April 2005); *see also* Tr. 138. The court, therefore, cannot assume that the ALJ would have reached the same conclusion regarding the functional limitations imposed by Plaintiff's alleged insomnia had he properly considered the evidence.

5

nonetheless supported by substantial evidence because Dr. Williams' opinions were inconsistent with other evidence; (2) the ALJ's summary of Plaintiff's visits with Dr. Williams are adequate to demonstrate that the ALJ considered Dr. Williams a "treating physician" under 20 C.F.R. §§ 404.1527(d)(1)-(2); and (3) Dr. Williams, as a primary care physician, is not a specialist under 20 C.F.R. § 404.1526(d)(5), and therefore his testimony "does not bolster Plaintiff's position." Dkt. No. 17 at 3. Of these arguments, the first is the most persuasive, although the court concludes that it is unavailing, for reasons discussed below.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). The ALJ must, however, give specific reasons for his or her decision to discount a treating physician's opinion. Social Security Ruling (SSR) 96-2p; *see also* 20 C.F.R. 404.1527(d)(2). "Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason." *Richardson v. Dir., Office of Workers' Comp. Programs, United States DOL*, 94 F.3d 164, 168-69 (4th Cir. 1996) (quoting *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980)). The court must "judge the propriety of [an agency's] action solely by the grounds invoked by the agency." *SEC v. Chenery*,

332 U.S. 194, 196 (1947).

Here, the ALJ gave "little weight" to the medical opinions of Dr. Williams because "there [was] only a report of a sad appearance, poor affect, and subjective tenderness to support his conclusion." Tr. 27. The Commissioner claims that this explanation, coupled with the ALJ's summary of Dr. Williams' visits with Plaintiff, is specific enough to indicate that the ALJ considered the proper factors in evaluating Dr. Williams' medical opinions. The Commissioner further argues that, although SSR 96-2p requires specificity before discounting a treating physician's testimony, "explicit discussion of factors in 20 C.F.R. § 404.1527(d) are [sic] not a prerequisite to meaningful review of [an] ALJ's evaluation of treating physician's opinions." Dkt. No. 17 at 3 (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)). However, even if the ALJ is not required to name each factor, the ALJ's decision must nonetheless be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p.

The ALJ's explanation of the weight given to Dr. Williams' testimony does not reach the level of specificity required under SSR 96-2p. The ALJ concludes that Dr. Williams' opinion is entitled to "little weight," but does not give reasonably clear reasons for discounting the physician's opinion. As noted in the Report, Dr. Williams' notes indicate that he examined and treated Plaintiff for fibromyalgia and made objective findings related to Plaintiff's lower back muscles and pelvic joints. Dkt. No. 15 at 21. The record, therefore, contradicts the ALJ's conclusion that the only evidence in support of Dr. Williams' opinions is Plaintiff's sad appearance and affect, and her subjective reports of pain. *See* Tr. 27. For this reason, the court finds that the ALJ's discounting of Dr. Williams' medical opinion was not supported by substantial evidence.

7

As to the Commissioner's other arguments, the court likewise finds them unpersuasive. First, *because* the ALJ considered Dr. Williams a "treating physician" under 20 C.F.R. § 404.1527(d)(1)-(2), the ALJ was required to give adequate reasons for discounting Dr. Williams' opinion. As explained above, the reasons offered by the ALJ are inadequate. Second, even if the Commissioner were correct that Dr. Williams is not a "specialist" in mental health under 20 C.F.R. § 404.1527(d)(5), the Commissioner has offered no legal authority for the proposition that a primary care physician's medical opinions necessarily do not "bolster Plaintiff's position." In addition, the ALJ did not offer lack of specialization as part of his rationale for discounting Dr. Williams' opinions. Accordingly, the court adopts the reasoning and recommendation of the Report as to this issue.

## III. CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                                                             s/ Cameron McGowan Currie
                                                                             CAMERON MCGOWAN CURRIE
                                                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 18, 2010